IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHANCE CLYCE, DONNA CLYCE, § | | |
| AND MARK CLYCE, (AND ON BEHALF § | | |
| OF THOSE SIMILARLY SITUATED) § | | |
| § | | |
| V. § | | A-14-CV-588-LY |
| § | | |
| NADINE BUTLER, ET AL. § | | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendants' Opposed Motion to Transfer Venue (Dkt. No. 18), Defendant Texas Juvenile Justice Department's Motion to Dismiss (Dkt. No. 19), Defendants Reilly, Dubose, Jacobs, Jones and Butler's Motion to Dismiss (Dkt. No. 20), and Defendants' Motion to Dismiss for Failure to State a Claim, Motion to Dismiss for Improper Venue, and/or Alternatively, Motion to Transfer Venue (Dkt. No. 21).  The District Court referred the above-motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  GENERAL BACKGROUND**

Chance Clyce was a juvenile detained at the Hunt County Juvenile Detention Center ("Detention Center") in Dallas, Texas from February 25, 2008, to March 12, 2008.  Chance and his parents, Donna Clyce and Mark Clyce (collectively "Clyces") allege that Detention Center staff failed to provide reasonable medical care to Chance for a life-threatening methicillin-resistant

staphylococcus aureus ("MRSA") infection, which resulted in Chance undergoing numerous surgical procedures and suffering serious bodily injury.

On February 23, 2009, the Clyces filed a lawsuit in the Northern District of Texas, Dallas Division, against Hunt County, Texas, the Hunt County Juvenile Board, and numerous individual detention officers, alleging various constitutional violations under 42 U.S.C. § 1983 and claims under the Texas Tort Claims Act. *Clyce, et al. v. Hunt County, Texas, et al.*, 3:09-CV-0351-N. The Northern District of Texas granted the individual defendants' motion for summary judgment based on qualified immunity. *See* Doc. No. 42 in 3:09-CV-0351-N (August 24, 2010). The Northern District also granted Hunt County's and Hunt County Juvenile Board's motion for summary judgment and entered a Final Judgment against the Clyces, finding that they had failed to provide sufficient summary judgment evidence to support a claims of deliberate indifference, failure to train or supervise, or a violation of the Texas Tort Claims Act. *See* Dkt. No. 68 in 3:09-CV-0351-N (August 30, 2011). On March 4, 2013, the Fifth Circuit affirmed these rulings. *See Clyce, et al. v. Hunt County, et al.*, No. 11-10950 515 F. App'x 319 (5th Cir. 2013). On October 15, 2013, the Supreme Court denied the Clyces' petition for writ of certiorari. 134 S.Ct. 441.

On June 24, 2014, the Clyces, this time proceeding *pro se*, filed this lawsuit on behalf of themselves "and on behalf of all those similarly situated." In addition to suing the Hunt County Juvenile Detention Center and several of its employees, Plaintiffs also sue the Texas Juvenile Justice Department ("TJJD") and several of its employees. Although Plaintiffs have not invoked any particular statute, it appears that they are once again proceeding under 42 U.S.C. § 1983, this time in an attempt to pursue a class action. All of Plaintiffs' claims appear to arise out of the detention of Chance Clyce described above. Plaintiffs once again allege that Chance Clyce was denied medical care in violation of his constitutional rights. Plaintiffs also allege that the Detention Center,

TJJD, and their employees failed to properly investigate abuse allegations against the Detention Center.

Defendants TJJD, David Reilly, Kevin Dubose, Lesly Jacobs, Conrad Jones and Nadine Butler have now filed a Motion to Transfer this case to the United States District Court for the Northern District of Texas, Dallas Division. Dkt No. 18. The various Defendants have also filed Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. Nos. 19, 20 & 21.

## II.  ANALYSIS

**A.    Standard of Review on Motion to Transfer**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "There can be no question but that the district courts have broad discretion in deciding whether to order a transfer" under § 1404(a). *In re Volkswagen of Am., Inc.* (*"Volkswagen II"*), 545 F.3d 304, 313–15 (5th Cir. 2008) (internal quotation marks omitted), *cert. denied*, 555 U.S. 1172 (2009).

The starting point on a motion for transfer of venue is determining whether the suit could have originally been filed in the destination venue. *Id.* at 312. If it could have, the focus shifts to whether the party requesting the transfer has demonstrated the "convenience of parties and witnesses" requires transfer of the action, considering various private and public interests. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974). The private interest factors are: "(1) the relative ease

of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG ("Volkswagen I")*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. Although the *Gilbert* factors are "appropriate for most transfer cases, they are not necessarily exhaustive or exclusive." In fact, the Fifth Circuit has noted "none . . . can be said to be of dispositive weight." *Volkswagen II*, 545 F.3d at 313–15 (internal quotations omitted). Despite the wide array of private and public concerns, a court must engage in a "flexible and individualized analysis" in ruling on a motion to transfer venue. *Stewart*, 487 U.S. at 29.

Transfer under § 1404(a) requires a lesser showing of inconvenience that transfer based on forum non conveniens. *Volkswagen II*, 545 F.3d at 314. The movant need not show the *Gilbert* factors substantially outweigh the plaintiff's choice of venue—it is enough to show the new venue is clearly more convenient than the original one. Accordingly, the Fifth Circuit's rule is that while the plaintiff's choice of venue is not a factor under *Gilbert*, it places a "significant" burden of proof upon the movant to "show good cause for the transfer." *Volkswagen II*, 545 F.3d at 314 n. 10. "Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315. But "when a plaintiff is not a resident of the chosen forum, or the operative facts underlying the case did not occur in the chosen forum,

4

the court will not give as much deference to a plaintiff's choice." *Apparel Prod. Servs. Inc. v. Transportes De Carga Fema, S.A.*, 546 F. Supp.2d 451, 453 (S.D. Tex. 2008). In addition, when an individual brings a derivative suit or a class action, as in this case, the named plaintiff's choice of forum is given less weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987), *cert denied*, 485 U.S. 993 (1988).

**B.     Application**

The first question the Court must address when considering a motion to transfer venue under 28 U.S.C. § 1404(a) is whether the suit originally could have been filed in the destination venue, here, the Northern District of Texas. Venue in a civil rights action is governed by 28 U.S.C. § 1391(b), which provides that venue is proper in a judicial district: (1) where any defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. *Davis v. Louisiana State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989); 28 U.S.C. § 1391(b). All of the Plaintiffs in this case reside in the Northern District of Texas. The vast majority of the defendants in this case also reside in the Northern District of Texas. *See* Dkt. No. 26. Lastly, all of the claims in this lawsuit arise out of events that occurred in the Northern District of Texas. This lawsuit clearly could have been brought in the Northern District of Texas.

Thus, the Court must address the private and public factors to determine if transfer to the Northern District of Texas is warranted. The first private interest factor is the relative ease of access to sources of proof. *Volkswagen II*, 545 F.3d at 315. All of the events or omissions giving rise to this lawsuit occurred at the Detention Center in Hunt County, which is in the Northern District of

Texas.  The primary witnesses and documents would likely be there as well, and to the extent documents or physical evidence is not in the Dallas Division it could easily be transported to the Northern District.  Accordingly, this factor weighs in favor of transfer.

The second and the third factors, the availability of compulsory process and cost of transportation for witnesses also weigh in favor of transfer.  The Fifth Circuit has adopted the "100 mile rule" to assist in the analysis of this factor.  *Volkswagen I*, 371 F.3d at 205.  Under this rule, if the distance between the proposed venue and the current venue is more than 100 miles, the factor of inconvenience increases in direct relationship to the distance traveled.  *Id.*  This rule favors transfer when the transferee venue is a shorter average distance from witnesses than the transferor venue.  *Id.*  As noted, all of the Plaintiffs in this case reside within the Northern District of Texas. While Plaintiffs emphasize that Defendant TJJD and several of its employees reside in this division, 75% of the identified potential witnesses in this case reside in the Northern District of Texas.  *See* Dkt. No. 26.  Accordingly, these factors also weigh in favor of transfer.

Finally, the Court is to examine "all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Volkswagen I*, 371 F.3d at 203.  Plaintiffs reside in the Northern District of Texas.  The conduct at issue in this case occurred in the Northern District of Texas.  *See Apparel Prod. Servs.*, 546 F. Supp.2d at 453 ("[w]hen a plaintiff is not a resident of the chosen forum, or the operative facts underlying the case did not occur in the chosen forum, the court will not give as much deference to a plaintiff's choice.").  There does not appear to be anything about trying the case in Western District of Texas that would make it easy, expeditious or inexpensive.  Accordingly, this factor also supports transfer.  In sum, the private interest factors all counsel in favor of transfer of the case to the Northern District of Texas.

The public interest factors also counsel in favor or transfer. The Austin Division of the Western District of Texas is one of the busiest divisions in the district, which itself is one of the busiest districts in the country. The Austin Division has only two active district judges, while the Dallas Division of the Northern District of Texas has seven active district judges. These figures suggest that it would not be a prudent use of judicial resources for this Court to resolve a dispute that has no real connection with this forum. In addition, the local interest factor clearly favors transfer. Given that all of the events and omissions giving rise to this lawsuit occurred in the Northern District of Texas, the citizens in that District have a direct interest in the civil rights allegations made in this lawsuit.

The last two public interest factors also weigh in favor of transfer. Where a party has previously litigated a case involving similar issues and facts "a court in that district will likely be familiar with the facts of the case. As a matter of judicial economy, such familiarity is highly desirable." *LG Electronics, Inc. v. Advance Creative Computer Corp.*, 131 F. Supp.2d 804, 815 (E.D. Va. 2001). This is so because litigation in the same court avoids duplicative litigation where one court has already invested "substantial time and energy" in a case. *Id.* "It is beyond dispute, then, that the existence of a related action in the transferee district weighs heavily in favor of transfer when considering judicial economy and the interests of justice." *Brown v. New York,* 947 F. Supp.2d 317, 326 (E.D.N.Y. 2013) (internal quotations omitted). Because the Dallas Division of the Northern District of Texas is familiar with many of the issues in this lawsuit, this case should be transferred in the interests of judicial economy.

After weighing all of the private and public factors, the Court finds that the Dallas Division of the Northern District of Texas is clearly a more convenient venue for this case than the Austin

Division of the Western District of Texas. As the Court finds that transfer of the case is appropriate, it will refrain from addressing any of the pending Motions to Dismiss (Dkt. Nos. 19, 20 & 21), so that the transferee court may consider and rule on those motions.

### III.  RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' Opposed Motion to Transfer Venue (Dkt. No. 18), and **TRANSFER** this cause of action to the Dallas Division of the Northern District of Texas.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

    SIGNED this 15th day of January, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE